# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LLOYD DEMETRIUS GRICE,**
**D.O.C. # 466704,**

    **Plaintiff,**

vs.                          Case No.  4:19cv192-AW/CAS

**RICHARD MILDENBERGER, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a document to this Court titled as a "petition for writ of certiorari." ECF No. 1. It was filed as a civil rights complaint since Plaintiff generally asserted that he had been denied access to court. However, Plaintiff did not properly file a complaint on the complaint form which is required by Local Rule 5.7(A), nor did Plaintiff pay the filing fee for this case.

Because it was unclear whether Plaintiff intended to proceed with this case as a civil rights action or a habeas petition, *see* ECF No. 1, an Order was entered on April 29, 2019, advising Plaintiff that to proceed with this

case, he must clarify whether he intended to pursue a civil rights action or a habeas corpus petition. ECF No. 3. The Order advised Plaintiff that a challenge to one's incarceration was not a claim that could appropriately be raised in a civil rights case. *Id.* After explaining the difference between the two categories of prisoner actions, Plaintiff was provided with both a civil rights complaint form and a habeas petition. *Id.* Plaintiff was required to file whichever was most appropriate based on the relief he sought, and he was given until May 30, 2019, to comply with that Order. *Id.* He was also warned that if he did not comply, a recommendation would be made to dismiss this case. *Id.* As of this date, nothing further has been received from Plaintiff and it appears that Plaintiff has abandoned this litigation.

      The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."

Case No. 4:19cv192-AW/CAS

<u>Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 16, 2019.

  S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv192-AW/CAS